IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

ALBERTO MARIO FLORES §

v. § CIVIL ACTION NO. 9:09cv158

DIRECTOR, TDCJ-CID §

### MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND ENTERING FINAL JUDGMENT

The Petitioner Alberto Flores, proceeding *pro se*, filed this application for the writ of habeas corpus complaining of the legality of prison disciplinary action taken against him. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Flores complains of a disciplinary case which he received for allegedly participating in an assault upon an inmate named Pedro Castillo. He says that he was mis-identified by a yard officer and that he has a statement from Castillo saying that he, Flores, was not involved. Flores asserts that he was not allowed to call Castillo as a witness in the case.

As punishment for the offense, Flores says that he was reduced from Line Class I to Line Class II and placed in solitary confinement for 15 days. The hearing record shows that Flores also received 30 days of cell and commissary restrictions, five hours of extra duty, and a suspension of contact visitation. Although Flores checked a box on the form saying that he had lost previously earned good time, he did not say that he had lost good time in his statement of the punishment assessed, and the TDCJ hearing record setting out the punishment imposed did not indicate that Flores had lost any good time.

1

After review of the pleadings, the Magistrate Judge issued a Report recommending that the petition be denied. The Magistrate Judge concluded, pursuant to Sandin v. Conner, 115 S.Ct. 2293, 2301 (1995) that Flores failed to show that he had been deprived of a constitutionally protected liberty interest as a result of the punishments given in the disciplinary case. The Magistrate Judge stated that none of the punishments which Flores received triggered the Due Process Clause of their own force or imposed an atypical and significant hardship in relation to the ordinary incidents of prison life. In addition, the Magistrate Judge noted that the fact that prison officials did not allow Flores to call Castillo as a witness, and Flores' implied claim that he is actually innocent of the offense, do not set out grounds for habeas corpus relief even if a protected liberty interest had been implicated, which it was not. The Magistrate Judge thus recommended that the petition be dismissed and that Flores be denied a certificate of appealability *sua sponte*.

Flores filed objections to the Magistrate Judge's Report on November 12, 2009. In his objections, Flores says that the reduction from Line Class I to Line Class II resulted in a lessened ability to earn good time and caused his mandatory supervision date to be moved further away. He says that this amounts to a constitutional deprivation in view of the denial of due process involved in the failure to allow him to call Castillo as a witness.

Flores also argues that being placed in solitary confinement is an atypical punishment which creates a significant hardship in relation to the ordinary incidents of prison life. He argues again that the reduction in time-earning status resulted in the loss of good conduct time, which in turn caused his mandatory supervision release date to be extended. Finally, Flores says that had Castillo testified, the result of the proceeding would probably have been different, which he maintains is "especially true" in light of the fact that the hearing officer did not articulate any security concerns in eliminating the witness from the hearing. He says that at the very least, he has raised issues which may be disputed by jurists of reason and so he should be entitled to a certificate of appealability.

The Fifth Circuit has held that a reduction in good time earning status does not implicate due process concerns. Malchi v. Thaler, 211 F.3d 953, 958 (5th Cir. 2000); *see also* Williams v. Dretke, 306 Fed.Appx. 164 (5th Cir., Jan. 12, 2009), *citing* Madison v. Parker, 104 F.3d 765, 768 (5th Cir. 1997). Thus, the fact that Flores' time-earning status was reduced from Line Class I to Line Class II does not implicate a constitutionally protected liberty interest.

Similarly, the Fifth Circuit has held that solitary confinement is not an atypical and significant hardship in relation to the ordinary incidents of prison life. Teague v. Quarterman, 482 F.3d 769, 778 (5th Cir. 2007), *citing* Sandin, 115 S.Ct. at 2301. It should be noted that in Sandin, the plaintiff had been subjected to 30 days of confinement in the Special Holding Unit, which is the functional equivalent of solitary confinement, without the Court finding a liberty interest. *See also* Gaujardo v. Bayda, slip op. no. 08-20834 (5th Cir., Sept. 17, 2009) (unpublished) (available on WESTLAW at 2009 WL 2971801) (citing Madison to hold that 15 days of solitary confinement did not implicate a protected liberty interest); Satterwhite v. Small, 136 F.3d 137 (5th Cir., January 14, 1998) (not selected for publication in the Federal Reporter) (available on WESTLAW at 1998 WL 30087). Flores' contention that 15 days of solitary confinement implicated a constitutionally protected liberty interest is without merit. Because Flores has failed to show the violation of a protected liberty interest, his habeas corpus petition is without merit.

The Court has conducted a careful *de novo* review of the pleadings in this cause, including the original petition for habeas corpus relief, the Report of the Magistrate Judge, and Flores' objections thereto. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the objections of the Petitioner are without merit. It is accordingly

ORDERED that the Petitioner's objections are overruled and that the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED with prejudice. It is further

ORDERED that the Petitioner Alberto Flores is hereby DENIED a certificate of appealability *sua sponte*. Finally, it is

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

**SIGNED** this the **1** day of **December, 2009.**

_____
Thad Heartfield
United States District Judge